UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARSHALL BUTLER, ) | |
| ) | |
| Movant, ) | No. 3:09-0755 |
| ) | (Criminal Case No. 3:07-00136-01) |
| v. ) | JUDGE ECHOLS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

Former trial counsel for Marshall Butler, Kenneth D. Quillen, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. (Docket Entry No. 1.) Because Mr. Quillen has not been appointed by the Court to represent Butler in this action and Mr. Quillen raises as a ground for relief his own ineffective assistance of counsel, the Court treats the § 2255 motion as brought by Marshall Butler *pro se*, even though he did not sign the motion. See Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings For The United States District Courts. The Government filed a response to the motion. (Docket Entry No. 5.)

## I. PROCEDURAL HISTORY

On July 27, 2007, a federal grand jury in the Middle District of Tennessee returned a six-count Indictment against Marshall Butler and Jolena Frost. Butler was named as a defendant in two counts alleging firearm offenses. (Case No. 3:07-00136, Docket Entry No. 3.) Due to the ongoing nature of the investigation, Butler was not immediately arrested; however, on October 10, 2007, he was arrested without incident in Oswego County, New York. (Presentence Investigation Report ("PSR") ¶ 17.)

1

On December 14, 2007, the government filed a Petition For Writ Of Habeas Corpus *Ad Prosequendum* stating that Butler was then confined in the Montgomery County, Tennessee, jail in the custody of the Montgomery County Sheriff. The government requested that Butler be brought before the federal court the week of December 17, 2007, for the purpose of making an initial appearance on the federal indictment. Magistrate Judge Juliet Griffin issued the Writ of Habeas Corpus *Ad Prosequendum* on the same day. (Docket Entry No. 1 at Ex. 1.) A federal arrest warrant that was issued as a result of the federal indictment was executed on Butler on December 20, 2007. (Id., Ex. 2.) Butler was thereafter held in federal custody in the Warren County Regional Jail pending completion of the federal criminal proceedings. (Id., Ex. 3.)

On July 10, 2008, pursuant to a plea agreement with the government, Butler entered a guilty plea to a Superseding Information charging him with misprision of a felony. According to the PSR, with a total offense level of 5 and a criminal history category of V, Butler faced a guideline range for imprisonment of 6 to 12 months. (PSR ¶ 67.) The probation officer recommended a sentence of "time served" and one year of supervised release. (PSR at 18, Sentencing Recommendation at 1-2.) The government filed no objection to the PSR. (PSR, Addendum.)

In a "Position Of Defendant With Respect To Sentencing Factors," (Case No. 3:07-00136, Docket Entry No. 66 at 2 (emphasis added)), Mr. Quillen, Butler's trial counsel, stated:

> I accept the Report's calculations of Base Offense Level, Criminal History, and Guideline range of 6 to 12 months. ***However, noting that the defendant has been in Federal custody since December 20, 2007, I would and intend to ask the Court to split the difference and set the sentence at 9 months in hopes that the State of Tennessee will give him jail credits for time served after the expiration of the nine-month sentence.*** (I anticipate that Mr. Butler may plead guilty to lesser theft charges on March 2, 2009 in Montgomery County, Tennessee.)

2

The sentencing hearing was held on December 15, 2008. There was no dispute that the guideline range for imprisonment was 6 to 12 months. Consistent with the earlier written memorandum expressing the defense position on sentencing, Mr. Quillen stated to the Court: "really this is all I have to say today, is that the guideline range is six to twelve months. We are just asking the Court to pick it right in the middle at nine months." (Case No. 3:09-0755, Docket Entry No. 6, Sent. Tr. Excerpt at 3.) The Court stated:

> With regard to Mr. Butler, he was arrested back in October of `07. And I am assuming that he's been incarcerated since that time. Under the guideline range, he has a maximum of 12 months. He has six to twelve months under that.
> ***So Mr. Quillen is suggesting to the Court that he should be released for time served, which would – which takes into account the fact that he has been incarcerated for the full period of the maximum term.***

(Id., emphasis added.) When asked to comment on an appropriate sentence, the government attorney stated: "Under the circumstances of Mr. Butler, I have no objection to the sentence requested by Mr. Quillen. It appears he's served his time." (Id.)

The Court then turned again to Mr. Quillen and his client to hear from them about what sentence should be imposed. Mr. Quillen stated:

> Mr. Butler has got some pending state charges. I think they are more or less related to things the Court has alluded to. He goes back into court in Montgomery County on March the 2nd. I haven't talked to his state lawyer much so I don't know whether he's going to go to trial or take a plea or something. ***The reason I asked for the nine months is that hopefully if he does take a plea in March, he'll get some credit for the time he's done since October the 10th on the State charge.***

(Id. at 4, emphasis added.) Butler indicated he did not wish to address the Court. (Id.)

In pronouncing sentence, the Court said, among other things: "It is the judgment of the Court that defendant, Marshal Butler, is hereby committed to the custody of the Bureau of Prisons ***to be imprisoned for a term of nine months.***" (Id. at 4-5, emphasis added.) In giving its statement of

3

reasons for imposing the sentence, the Court stated: "***Since he's being released***, there will be no additional opportunity to pursue educational advances or vocational skills that are available to inmates within the federal system." (Id. at 5.)

The Judgment In A Criminal Case was entered on January 8, 2009. (Case No. 3:07-00136, Docket Entry No. 80.) The Judgment provided: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **nine (9) months.**" (Id. at 2, emphasis in original.) The Court did not sentence Butler to "time served," nor did the Court make any recommendations to the Bureau of Prisons. Butler was remanded to the custody of the United States Marshal. (Id.) In the Court's sealed Statement of Reasons for imposing the sentence, the Court referred only to "[t]he 9-month sentence" and did not discuss any credit for time served in federal custody. (Docket Entry No. 81.)

The § 2255 motion alleges that, sometime after December 15, 2008, the day the federal sentence was imposed, the State of Tennessee took Butler into custody and moved him to the Montgomery County Jail to face state charges. (Case No. 3:09-0755, Docket Entry No. 1, Facts Supporting Ground One ¶ 7.) Mr. Mark Olson was appointed to represent Butler on the state charges. (Id. ¶ 8.) On June 12, 2009, Butler entered guilty pleas to three separate counts of aggravated burglary, one count of theft over $1,000, one count of theft between $500 and $1,000, and one count of theft over $500 in state cases 40701422, 40701423, 40701424 and 40801581, which resulted in six written judgments all dated the same day. (Docket Entry No. 1, Exs. 5-10.) The state judge imposed an effective sentence of six (6) years probation, to be served consecutively to the sentence imposed by this Court in federal Case Number 3:07-00136.

4

On four of the state judgments, in cases 40701422, 40701423, and 40701424, the state court awarded Butler pretrial jail credit for the period November 13, 2007 to June 12, 2009. (Id., Exs. 5-8.) This period encompassed the entire time Butler was held in federal custody between December 20, 2007 and December 15, 2008. On two of the state judgments, in case 40801581, pretrial jail credit was awarded for the period December 16, 2008, to June 12, 2009. (Id., Exs. 9-10.)

Butler, through Mr. Quillen, now alleges three grounds for § 2255 relief. In ground one, he simply states that he received a nine-month sentence on December 15, 2008, he had been in federal custody since December 20, 2007, and he had been held in the Warren County jail all of that time. In ground two, he alleges ineffective assistance of his trial counsel, Mr. Quillen, contending that "Attorney Quillen should have asked Judge Echols to endorse 'time served' on the Judgment." In ground three, he alleges ineffective assistance of his state counsel, Clarksville attorney Mark Olson, on the Montgomery County, Tennessee cases. He contends that "Attorney Olson should have informed me that the notation on state court judgments that the state sentences were consecutive to federal case 3:07-00136 might be construed by the Bureau of Prisons to mean that the Federal sentence would start running on 6/12/09 rather than on 12/20/07."

In response, the Government takes the position that Butler had already served his federal sentence when he was returned to state custody to face state charges and he should have been released from federal custody to begin serving his state probation sentences as of June 12, 2009. However, the Government attorney verified with the Bureau of Prisons that Butler was in federal custody only after having been brought over from state custody on a writ and, as such, the Bureau of Prisons does not give a defendant credit, under those circumstances, towards the service of the term of imprisonment imposed by this Court. (Case No. 3:09-0755, Docket Entry No. 5 at 3.)

5

The Government contends that Butler has failed to show under § 2255 that Mr. Quillen rendered ineffective assistance because Butler has not established that Mr. Quillen's conduct or omission in failing to ask the Court to endorse "time served" on the written judgment fell below an objective standard of reasonableness. According to the Government, Mr. Quillen obtained what the parties believed amounted to a time served sentence, and the Court appeared to be in agreement that Butler should be released from federal custody shortly. The Government also points out that, as the Court is aware, the Bureau of Prisons calculates the credit to be given towards the service of a term of imprisonment. Ultimately, the Government argues, Butler's complaint is with the Bureau of Prisons, not Mr. Quillen, and his § 2255 motion should be denied.

Nonetheless, the Government believes that Butler's claim "does present a quandary." (Id. at 4.) "In the interests of justice and to follow through on what the parties and the Court anticipated would happen," the Government asks the Court "to amend the Judgment in this case to reflect a sentence of time served so that the defendant can be released from custody and begin serving his probationary sentences from his state cases." (Id.)

## II. STANDARDS OF REVIEW

To prevail on a § 2255 motion, Butler must establish either an error of constitutional magnitude that had a substantial and injurious effect or influence on his criminal proceeding, see Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993), or the record must reflect a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 512 U.S. 339, 348 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir. 1993).

6

To establish ineffective assistance of counsel, Butler must show that his counsel's performance was deficient and that the deficiency prejudiced him.  See Strickland v. Washington, 466 U.S. 668, 687 (1984); Evitts v. Lucey, 469 U.S. 387, 396 (1985).  He must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that the lawyer's errors prejudiced the outcome of the proceedings against him.  Strickland, 466 U.S. at 687; Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999).  A reasonable probability is one sufficient to undermine confidence in the outcome; it is a less demanding standard than "more likely than not."  Id.  The Supreme Court has cautioned, however, that "[j]udicial scrutiny of counsel's performance must be highly deferential."  Strickland, 466 U.S. at 689.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  Id.

Under Rule 8 of the Rules Governing Section 2255 Proceedings, the Court "must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."  Butler is not entitled to an evidentiary hearing if the § 2255 motion and the record of the case conclusively show that he is not entitled to relief.  See Green v. United States, 65 F.3d 546, 548 (6th Cir. 1995).  Finally, when the district judge also hears the collateral proceedings, as is the case here, the judge may rely on his recollections of the prior proceedings in ruling on the collateral attack.  Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

7

## III. ANALYSIS

Having reviewed the record in this case, the Court concludes that Butler failed to show that his trial counsel, Mr. Quillen, performed deficiently at sentencing. With a guideline range of 6 to 12 months and Butler having been held in federal custody for a period of approximately 12 months, it is understandable that the parties and the Court discussed the sentence to be imposed as if Butler would receive credit on his federal sentence for the time he already served in jail awaiting the disposition of his federal case. By asking the Court to impose a sentence of nine (9) months, however, Mr. Quillen did not act in a deficient manner. Rather, he acted zealously on his client's behalf to obtain the best of both worlds for Butler in both his federal sentencing and his anticipated state sentencing. Instead of asking this Court to impose a sentence of "time served," as recommended by the probation officer, and have all twelve (12) months that Butler served in jail after his federal arrest count toward the federal sentence, Mr. Quillen asked for a nine-month sentence so that at least three months of jail credit would remain that the state court could count toward Butler's anticipated state sentence. Such conduct on the part of counsel can hardly be characterized as deficient performance, and the Court gave Mr. Quillen and his client exactly what they requested.

Even if the Court determines that Mr. Quillen acted in a deficient manner, the Court nonetheless concludes that Butler was not prejudiced by the deficient performance. This Court does not have authority to grant credit for prior detention; only the Bureau of Prisons has such authority. 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329, 333 (1992). Computation of credit occurs after the defendant begins service of his sentence, which is defined by statute as "the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which

8

the sentence is to be served." 18 U.S.C. § 3585(a). Because the district court does not know at the time of sentencing what date the defendant will be received in custody awaiting transportation to the official detention facility at which the sentence is to be served, the district court cannot apply § 3585(b) to award jail credit at the time of sentencing. Wilson, 503 U.S. at 333. Thus, there was no legal basis upon which Mr. Quillen could have asked the Court to calculate and apply credit for prior detention at the time of oral imposition of sentence on December 15, 2008.

More importantly, Butler has not been prejudiced because, after the imposition of his federal sentence and after he subsequently entered guilty pleas to six serious state charges, the state court granted him credit toward his state sentence for prior detention served between November 13, 2007 and June 12, 2009. This period of credit for prior detention included all of the time Butler was held in federal custody on the writ of habeas corpus *ad prosequendum*, and nearly all of the time Butler spent in jail in state custody between his initial arrest on October 10, 2007, and his guilty pleas and sentencing on June 12, 2009.

Giving jail credit on the state sentence was consistent with ordinary procedure. "[W]hen an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly." Gipson v. Young, 786 F.2d 1164, 1986 WL 16497 at * 2 (6th Cir. Feb. 6, 1986). For this reason, 18 U.S.C. § 3585(b) only allows credit for time that has not been credited against another sentence, Wilson, 503 U.S. at 334, and Butler is not entitled to double credit for detention incurred before a sentence actually begins. McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993). The date on which Butler's federal sentence commenced to run is a matter for the Bureau of Prisons to decide, not the district court, and it is up to the Bureau of Prisons to decide if any

9

amount of jail credit should be applied once the federal sentence commenced to run. Wilson, 503 U.S. at 333; United States v. Wells, 473 F.3d 640, 645 (6th Cir. 2007) (holding prisoner brought into federal custody from state custody on writ of habeas corpus *ad prosequendum* and then returned to state custody was not in custody awaiting transportation to a federal prison on the date his federal sentence was imposed as contemplated by 18 U.S.C. § 3585(a) and therefore, district judge had no statutory authority to order that the defendant's federal sentence should commence on that date). Because Butler has been given credit on the state sentence for prior detention served in federal custody on the writ of habeas corpus *ad prosequendum*, he cannot show that he has been prejudiced in any way under Strickland by the actions of Mr. Quillen. Even if the Court were to amend the federal Judgment to change "nine months" to "time served" leaving no remaining federal sentence to be served, the Court cannot know whether the state court, had it been aware that Butler would receive 12 months of pretrial detention credit on his federal sentence, would have imposed the same state sentence of six years probation or whether the state court itself would have imposed a sentence of imprisonment on the state charges. If the Court were to amend the federal Judgment at this time, Butler would receive, in effect, a windfall of double credit on both the federal and state sentences, an untenable situation under Sixth Circuit law. See McClain, 9 F.3d at 505. Therefore, the Court will not amend the federal Judgment under these circumstances.

Although Butler tries to raise as a ground for § 2255 relief the ineffective assistance of his counsel, Mr. Olson, in the state cases, this Court lacks jurisdiction under § 2255 to entertain any claim of ineffective assistance that is attributable to an attorney who acted on Butler's behalf solely in state court. Any ineffective assistance of counsel performed in state court is a matter for the state courts to decide, and this Court could review such a determination only under 28 U.S.C. § 2254.

In the event Butler wishes to raise any issue concerning the manner in which the Bureau of Prisons executes his federal sentence, his recourse is to exhaust his administrative remedies with the Bureau of Prisons and if a satisfactory resolution is not reached, to file a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the federal district which encompasses the federal institution where he is incarcerated on the federal sentence.

## IV. CONCLUSION

Butler has not shown deficient performance of his trial counsel under Strickland, but even if the Court assumes that Mr. Quillen performed in a deficient manner, Butler has not established prejudice under Strickland and he is not entitled to relief under § 2255. Accordingly, his motion to vacate, set aside or correct his sentence will be denied.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE